**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TRICO DEVELOPMENT ASSOCIATES, LIMITED PARTNERSHIP, | : : : : | CIVIL ACTION NO. 11-2861 (MLC) |
| Plaintiff, | : : | **MEMORANDUM OPINION** |
| v. | : : |  |
| O.C.E.A.N., INC., | : : |  |
| Defendant. | : : |  |

**COOPER, District Judge**

This matter is before the Court on the Motion to Dismiss of Third-Party Defendant, the United States of America ("the United States"), which contends, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), that this Court lacks subject matter jurisdiction over the Amended Third-Party Complaint of Defendant, O.C.E.A.N., Inc. ("Ocean"). (Dkt. entry no. 11, Mot. Dismiss.)[1] Ocean opposes the motion. (Dkt. entry no. 13, Def. Opp.) The Court, pursuant to Local Civil Rule 78.1(b), decides the motion on the papers and, for the reasons set forth below, will grant the motion, dismiss the Amended Third-Party Complaint, and remand the remainder of the action to state court.

---

[1] The Court previously issued a Memorandum Opinion upon the Motion to Dismiss the Third-Party Complaint. See Trico Dev. Assocs. Ltd. P'ship v. O.C.E.A.N., Inc., No. 10-2847 (MLC), 2010 WL 3614214 (D.N.J. Sept. 8, 2010) (hereafter "Trico I"). To the extent that the Court recited portions of the background of this action in that Memorandum Opinion, the Court will rely upon and provide citation to that Opinion.

**BACKGROUND**

Plaintiff, Trico Development Associates, Limited Partnership ("Trico"), commenced this action in the Superior Court of New Jersey ("Superior Court") alleging that Ocean breached a contract whereby Trico agreed to sell the Emerald Terrace apartment complex ("Emerald Terrace") to Ocean.  Trico I at *1.  Emerald Terrace was subject to a program operated by the Rural Development Agency of the United States Department of Agriculture ("USDA").  Id.  Through the Complaint, Trico alleged

> that Ocean prepared a proposed contract for purchasing Emerald Terrace in April 2008, and that the final sales contract was executed in August 2009.  Trico allege[d] that at the time of the execution, Ocean was aware of a settlement agreement between Trico and the United States that would allow the USDA to foreclose upon the apartment complex if closing did not occur.
> Trico allege[d] that in December 2009, two days prior to closing, Ocean informed Trico that the closing would not occur unless Trico credited Ocean with $115,843.  The Complaint against Ocean alleged five counts including breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, conversion, and intentional misrepresentation.

Id. (internal citations omitted).

Ocean brought a derivative action against the United States, alleging that the United States tortiously interfered with the contract by advising Ocean that the USDA would not approve the closing of title unless Trico paid Ocean $115,843 to perform certain repairs.  See id. at *1, *3 n.1, *4.  The United States,

2

pursuant to 28 U.S.C. § 1442(a)(1), removed the case to this Court and thereafter filed a Motion to Dismiss the Third-Party Complaint pursuant to Rule 12(b)(6), contending that Ocean's claims were barred by the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). Id. at *1. Upon consideration of the motion and the parties' briefs thereon, the Court granted the motion, dismissed the Third-Party Complaint, and remanded the remainder of the action to state court. Id. at *4.

Upon remand to the Superior Court, Ocean filed a Motion to Dismiss the Complaint. (Dkt. entry no. 11, United States Br. at 1; dkt. entry no. 13, Def. Opp. at 1-2.) The Superior Court granted the motion but permitted Trico to file an Amended Complaint, which Trico filed on or about February 28, 2011. (United States Br. at 2; Def. Opp. at 2.) Through the Amended Complaint, Trico alleges that the United States had actual or apparent authority to act as Ocean's agent, and that the United States so acted by insisting that Trico pay Ocean approximately $115,000 as a predicate to the above-mentioned sale of Emerald Terrace. (United States Br. at 2; Def. Opp. at 2.) Trico has thus proceeded against Ocean under a theory of agency liability. (United States Br. at 2; Def. Opp. at 2.) Ocean filed an Amended Third-Party Complaint, contending that the United States, as Ocean's alleged agent, owed a fiduciary duty to Ocean and breached that duty. (Dkt. entry no. 1, Notice of Removal, Ex. A

3

("Amend. Third Pty. Compl."), at 13-14.)  Ocean accordingly seeks: (1) damages, costs, and fees resulting from the fiduciary duties owed to Ocean and breached by the United States; (2) contribution for any amounts that Ocean owes to Trico; and (3) to make the United States an indispensible party to this action. (Id. at 14-16.)  The United States, in response, again removed the action to this Court, pursuant to 28 U.S.C. § 1442(a)(1). (Dkt. entry no. 1, Notice of Removal.)  The United States also filed the instant motion, whereby the United States, pursuant to Rule 12(b)(1), seeks to dismiss Ocean's Amended Third-Party Complaint.  (United States Br..)  The United States claims that the Court lacks jurisdiction for three reasons, i.e., that: (1) as in the first proceeding before the Court, the FTCA bars Ocean's claims; (2) the United States Court of Federal Claims has exclusive jurisdiction over this matter; and (3) the doctrine of derivative jurisdiction precludes the Court's exercise of jurisdiction.  (United States Br.)  Ocean opposes the motion. (Def. Opp.)

## STANDARD OF REVIEW

A party may move to dismiss a claim for lack of subject matter jurisdiction.  Fed.R.Civ.P. (12)(b)(1).  "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual.  Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's

4

allegations as true." Common Cause of Pa. v. Pa., 558 F.3d 249, 257 (3d Cir. 2009) (citation omitted).  When ruling upon a facial attack, the Court may dismiss the complaint "only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 438 (D.N.J. 1999).

Factual attacks differ greatly from facial attacks.  See Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction . . . the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Id.  When considering a factual attack to subject matter jurisdiction, the Court may make factual findings, beyond the pleadings, to determine jurisdiction.  See, e.g., CNA v. United States, 535 F.3d 132, 145 (3d Cir. 2008).  A Rule 12(b)(1) "factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has completed." Mortenson, 549 F.2d at 891, 892 n.1 (explaining that "[a] factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted").

5

Because the United States has not filed an answer, the Court has determined that the United States has not controverted Ocean's allegations and, therefore, considers the motion a facial attack on subject matter jurisdiction. While resolving the motion, the Court will accordingly only analyze the allegations contained in the Amended Third-Party Complaint. <u>Common Cause of Pa.</u>, 558 F.3d at 257; <u>see also</u> <u>Anthony v. Small Tube Mfg. Corp.</u>, No. 06-CV-4419, 2007 WL 2850609 at *5, *10 (E.D. Pa. Sept. 28, 2007).

## DISCUSSION

The United States argues, <u>inter alia</u>, that the Court lacks subject matter jurisdiction over the Amended Third-Party Complaint under the doctrine of derivative jurisdiction. (United States Br. at 14-15.)[2] Pursuant to that doctrine, the United States argues that the Court lacks jurisdiction because the Superior Court lacked jurisdiction, pursuant to the FTCA. (<u>Id.</u>) Ocean, in response, argues that it properly raised its causes of action under the FTCA and that, as a result, the Superior Court properly had and the Court properly has jurisdiction over the Amended Third-Party Complaint. (Def. Opp. at 2-4, 6.)

---

[2] Because the Court has determined that the doctrine of derivative jurisdiction controls the disposition of the motion, the Court does not discuss the other arguments raised by the United States.

6

**A.    The Federal Tort Claims Act**

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (citation omitted).  Sovereign immunity, therefore, deprives courts of subject matter jurisdiction over actions against the United States unless a statute expressly waives such immunity.  United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000) ("federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit"); Perez v. United States, No. 06-1508, 2007 WL 1489816, at *1 (D.N.J. May 21, 2007) ("Absent a specific waiver of sovereign immunity[,] the courts lack subject matter jurisdiction over claims against the federal government.").

The FTCA provides one such waiver to sovereign immunity.  It contemplates that, in limited circumstances, a party may bring a claim against the United States in one of the federal district courts.  See 28 U.S.C. § 1346(b)(1).  Section 1346 of the FTCA states:

> the district courts . . . shall have <u>exclusive jurisdiction of civil actions on claims against the United States</u>, for money damages, accruing on and after January 1, 1945, for injury or loss of property . . . caused by the negligent or wrongful act or omission of

> any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred[.]

28 U.S.C. § 1346(b)(1) (emphasis added).  The FTCA does not, however, provide a waiver of sovereign immunity for claims brought against the United States in state courts.  For that reason, state courts lack jurisdiction over third-party claims raised against the United States under the FTCA.  See Turturro v. Agusta Aerospace Corp., No. 10-2894, 2010 WL 3239199, at *2 (E.D. Pa. Aug. 13, 2010); Scoratow v. Smith, No. 08-1576, 2009 WL 890575, at *2 (W.D. Pa. Mar. 27, 2009).

The Court, accordingly, determines that the Superior Court lacked subject matter jurisdiction over Ocean's Amended Third-Party Complaint.  Turturro, 2010 WL 3239199, at *2; Scoratow, 2009 WL 890575, at *2.

**B.   The Doctrine of Derivative Jurisdiction**

The doctrine of derivative jurisdiction stands for the proposition that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." Lambert Run Coal Co. v. Balt. & Ohio R.R. Co., 258 U.S. 377, 382 (1922); see also Bradshaw v. Gen. Motors Corp., 805 F.2d 110, 112

(3d Cir. 1986) ("Long-standing authority holds that a removed case may not be adjudicated in a federal court if the state court did not have subject matter jurisdiction over the suit when it was initially filed there."). Where "the state court was without jurisdiction over either the subject-matter or the United States, the District Court [cannot] acquire jurisdiction over them by the removal." Lambert Run Coal Co., 258 U.S. at 382.

    Other district courts sitting in the Third Circuit have accordingly held that the federal district courts lack jurisdiction over FTCA claims that are originally raised in state court and subsequently removed pursuant to 28 U.S.C. § 1442. Turturro, 2010 WL 3239199, at *2-3 (dismissing defendant's FTCA claims against United States, as raised in third-party complaint, pursuant to doctrine of derivative jurisdiction); Scoratow, 2009 WL 890575, at *3 (same). Because this case shares a similar procedural background--because, as discussed above, Ocean brought the Amended Third-Party Complaint against the United States in Superior Court and the case was later removed pursuant to 28 U.S.C. § 1442--the Court will grant the motion and dismiss Ocean's Amended Third-Party Complaint.[3]

---

[3] The Court, in dismissing the Amended Third-Party Complaint, will not distinguish between Ocean's direct claims against the United States, its claims for contribution, or its assertion that the United States is an indispensable party to the underlying action. Any damages tied to those claims were necessarily "caused by the . . . wrongful act or omission of [the United States] . . . under circumstances where the United States,

9

## CONCLUSION

The Court, for the reasons stated above, will grant the motion to dismiss, dismiss the Amended Third-Party Complaint, and remand the remainder of the action to state court.

                                              s/ Mary L. Cooper  
                                              **MARY L. COOPER**  
                                              United States District Judge

Dated: September 29, 2011

---

if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred[.]" 28 U.S.C. § 1346(b)(1). The Superior Court thus lacked subject matter jurisdiction over all of Ocean's third-party claims.